CARYN N. FABIAN  (SBN 93731)
Attorney at Law
95 S. Market Street, Suite 300
San Jose, California  95113
Telephone 408-977-7723
Facsimile 408-268-7621
E-mail cfabian@wwc.com

Attorney for Plaintiff Zianab Ismail

# UNITED STATES DISTRICT COURT
# CALIFORNIA NORTHERN DISTRICT
# SAN JOSE DIVISIONAL OFFICE

| | |
|---|---|
| ZIANAB ISMAIL,<br><br>    Plaintiff,<br><br>    vs.<br><br>County of Santa Clara,<br>Department Of Correction<br><br>    Defendant. | Case No.: C 07-02752 RS<br><br>CASE MANAGEMENT STATEMENT<br><br>Date:  September 19, 2007<br>Time:  2:30 p.m.<br>Magistrate Judge Richard Seeborg |

Plaintiff Zianab Ismail submits the following Case Management Statement:

1. <u>Jurisdiction and Service:</u>  This complaint is based on disability discrimination under the American with Disabilities Act of 1990 (ADA), Title 42 United States Code Section 12101 et seq. and this court has jurisdiction of the action pursuant to United States Code Section 12117(a), which incorporates the jurisdiction provisions of Title VII of the Civil Rights Act of 1964, Title 42, United States Code Section 20000e-5(f)(3). The discriminatory employment practices alleged in the complaint were committed within this court's judicial district.

Defendant County of Santa Clara, Department of Correction has not yet been formally served with the Complaint (but have been provided a copy of the Complaint) because Plaintiff's counsel and **County Counsel John Winchester** have been

communicating and attempting to resolve this case (without incurring further expense) since May 2007. County Counsel Winchester has represented to Plaintiff's counsel that the matter will be addressed by the County Claims Committee on September 13, 2007, and that the parties should be able to resolve the matter once approval is obtained.

2. <u>Facts:</u> Plaintiff was employed by Defendant as a Food Service Worker from October 2000 to the involuntary termination of her employment on September 7, 2004. Plaintiff suffered a work related injury causing her to take a medical leave of absence in early April 2003. Plaintiff could have returned to work shortly thereafter and performed the essential functions of her position with accommodation, but Defendant refused to engage in an interactive process to determine whether reasonable accommodation could be made and refused to provide reasonable accommodation.

3. <u>Legal Issues:</u> Was Defendant required to engage in an interactive process to determine whether reasonable accommodation could be made, and/or provide reasonable accommodation to Plaintiff in accordance with the ADA.

4. <u>Motions:</u> There have not been any motions, or are any anticipated at this time.

5. <u>Amendment to Pleadings:</u> If the matter is not promptly settled, the Complaint will be served upon Defendant before September 21, 2007; Plaintiff does not intend to add any parties or claims to the Complaint, but Defendant will undoubtedly be adding defenses.

6. <u>Evidence Preservation:</u> All parties are on notice that this action is pending and evidence is not to be destroyed.

7. <u>Disclosures:</u> There have not been any formal disclosures; all evidence in the possession of Plaintiff's counsel, including the EEOC file has been offered to Defendant.

8. <u>Discovery:</u> No discovery has been taken to date and only limited discovery is anticipated which should be able to be completed within 90 days.

9. <u>Class Actions:</u> This is not a class action.

10. <u>Related Cases:</u> There are no related cases pending before this court, or before another court or administrative body.

11. <u>Relief:</u> Plaintiff seeks lost wages in the amount of $437.50 per week since April 22, 2003, the date Plaintiff should have been able to return to work with

accommodation, which amounts to in excess of $91,000 to date.  Plaintiff also seeks interest and attorneys fees and costs.

12. <u>Settlement and ADR:</u>  Counsel for both parties have been engaged in meaningful settlement talks which may resolve the matter in the next few weeks.  If the matter is not promptly resolved, Plaintiff proposes mediation of the matter.

13. <u>Consent to Magistrate Judge for All Purposes:</u>  Plaintiff consents to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References:</u>  The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>  Unknown at this time.

16. <u>Expedited Schedule:</u>  If not promptly settled, Plaintiff would like an opportunity to engage in mediation, and if that fails, to conduct limited discovery.  This matter should be ready for trial by January 2008.

17. <u>Scheduling:</u>  Unknown at this time.

18. <u>Trial:</u>  Plaintiff requests a jury trial, and the expected length of the trial is 5 days.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>  Plaintiff does not have knowledge of any parties or entities other than the Defendant and Plaintiff who have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: September 11, 2007

By:_____
CARYN N. FABIAN
Attorney for Plaintiff Zianab Ismail