1  CARYN N. FABIAN  (SBN 93731)
2  Attorney at Law
   95 S. Market Street, Suite 300
3  San Jose, California  95113
   Telephone 408-977-7723
4  Facsimile 408-268-7621
5  E-mail cfabian@wwc.com
6
7  Attorney for Plaintiff Zianab Ismail

# UNITED STATES DISTRICT COURT
# CALIFORNIA NORTHERN DISTRICT
# SAN JOSE DIVISIONAL OFFICE

| | |
|---|---|
| ZIANAB ISMAIL,               ) | Case No.: C 07-02752 RS |
|     Plaintiff,      ) | |
|     vs.            ) | CASE MANAGEMENT STATEMENT |
| County of Santa Clara,       ) | Date: December 19, 2007 |
| Department Of Correction     ) | Time: 2:30 p.m. |
|                              ) | Magistrate Judge Richard Seeborg |
|     Defendant.     ) | |

Plaintiff Zianab Ismail submits the following Case Management Statement:

1. <u>Jurisdiction and Service:</u>  This complaint is based on disability discrimination under the American with Disabilities Act of 1990 (ADA), Title 42 United States Code Section 12101 et seq. and this court has jurisdiction of the action pursuant to United States Code Section 12117(a), which incorporates the jurisdiction provisions of Title VII of the Civil Rights Act of 1964, Title 42, United States Code Section 20000e-5(f)(3). The discriminatory employment practices alleged in the complaint were committed within this court's judicial district.

On October 2, 2007, John Winchester, Deputy County Counsel, signed and returned the Waiver of Service of Summons, acknowledging service of the complaint on behalf of Defendant County of Santa Clara, Department of Correction.  Plaintiff and

Defendant continue to be engaged in settlement discussions, and therefore, Defendant has not yet answered the Complaint.

2. <u>Facts:</u>  Plaintiff was employed by Defendant as a Food Service Worker from October 2000 to the involuntary termination of her employment on September 7, 2004. Plaintiff suffered a work related injury causing her to take a medical leave of absence in early April 2003.  Plaintiff could have returned to work shortly thereafter and performed the essential functions of her position with accommodation, but Defendant refused to engage in an interactive process to determine whether reasonable accommodation could be made and refused to provide reasonable accommodation.

3. <u>Legal Issues:</u>  Was Defendant required to engage in an interactive process to determine whether reasonable accommodation could be made, and/or provide reasonable accommodation to Plaintiff in accordance with the ADA.

4. <u>Motions:</u>  There have not been any motions, or are any anticipated at this time.

5. <u>Amendment to Pleadings:</u>  Unknown at this time.

6. <u>Evidence Preservation:</u>  All parties are on notice that this action is pending and evidence is not to be destroyed.

7. <u>Disclosures:</u>  There have not been any formal disclosures; all evidence in the possession of Plaintiff's counsel, including the EEOC file has been offered to Defendant.

8. <u>Discovery:</u>  No discovery has been taken to date and only limited discovery is anticipated which should be able to be completed within 90 days.

9. <u>Class Actions:</u>  This is not a class action.

10. <u>Related Cases:</u>  There are no related cases pending before this court, or before another court or administrative body.

11. <u>Relief:</u>  Plaintiff seeks lost wages in the amount of $437.50 per week since April 22, 2003, the date Plaintiff should have been able to return to work with accommodation, which amounts to in excess of $91,000 to date.  Plaintiff also seeks interest and attorneys fees and costs.

12. <u>Settlement and ADR:</u>  Counsel for both parties are engaged in meaningful settlement talks which will hopefully resolve the matter in the next few weeks.  If the matter is not promptly resolved, Plaintiff proposes mediation of the matter.

13. <u>Consent to Magistrate Judge for All Purposes:</u>  Plaintiff consents to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References:</u>  The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>  Unknown at this time.

16. <u>Expedited Schedule:</u>  If not promptly settled, Plaintiff would like an opportunity to engage in mediation, and if that fails, to conduct limited discovery.  This matter should be ready for trial by March 2008.

17. <u>Scheduling:</u>  Unknown at this time.

18. <u>Trial:</u>  Plaintiff requests a jury trial, and the expected length of the trial is 5 days.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>  Plaintiff does not have knowledge of any parties or entities other than the Defendant and Plaintiff who have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

December 12, 2007

By:_____
CARYN N. FABIAN
Attorney for Plaintiff Zianab Ismail