1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   JOHN L. WINCHESTER, III, Lead Deputy County Counsel (S.B. #142175)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California  95110-1770
   Telephone:  (408) 299-5900
4  Facsimile:  (408) 292-7240

5  Attorneys for Defendant
   COUNTY OF SANTA CLARA,
6  DEPARTMENT OF CORRECTION

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ZIANAB ISMAIL                    )    Case No.   C07-02752 RS
                                     )
12        Plaintiff,                 )    **JOINT CASE MANAGEMENT**
                                     )    **STATEMENT**
13                                   )
    v.                               )    Date:  January 16, 2008
14                                   )    Time:  2:30 p.m.
    COUNTY OF SANTA CLARA,           )    Crtrm: 4, 5th Floor
15  DEPARTMENT OF CORRECTION         )    Judge: Magistrate Judge Richard Seeborg
                                     )
16        Defendant.                 )
                                     )

17

18        Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-3 and 16-9, the parties to the

19  above-entitled matter jointly submit this Case Management Statement and proposed Order.

20  Each party certifies that lead trial counsel who will try this case has met and conferred for the

21  preparation of this Statement.

22  1.    Jurisdiction and Service

23        There are no issues as to service of process, personal jurisdiction, subject matter

24  jurisdiction or venue.

25        As of the filing of this statement, all named Defendants have been served.  The County of

26  Santa Clara has returned the Waiver of Service of Summons, acknowledging service of the

27  complaint on behalf of the Defendant County of Santa Clara Department of Correction.  The

28  parties have been involved in settlement discussions.  A settlement demand and a settlement

1    offer have been exchanged.  The County is evaluating further settlement authority and

2    anticipates concluding its internal settlement procedures on or before February 7, 2008.

3    2.    Facts and Principal Factual Issues

4    Plaintiff was employed by the County as a Food Service Worker from October 2000 until

5    September 7, 2004.  In April, 2003, Plaintiff suffered a work related injury causing her to take a

6    medical leave of absence.  Plaintiff alleges that she could have returned to work and performed

7    the essential functions of her position with accommodation.  Plaintiff alleges that the County

8    refused to provide a reasonable accommodation and failed to engage an interactive process to

9    determine whether reasonable accommodation could be made.

10    3.    Legal Issues

11    The principal legal issues which the parties dispute are as follows:

12    a.    Was the County required to engage in an interactive process to determine whether

13    reasonable accommodation could be made;

14    b.    Whether the County was required to provide reasonable accommodation to Plaintiff.

15    4.    Motions

16    If the matter does not resolve, it is anticipated that cross-motions for summary judgment

17    might be filed following discovery.

18    5.    Amendment to Pleadings

19    The parties do not presently intend to amend their pleadings.

20    6.    Evidence Preservation

21    The parties have taken steps to preserve evidence relevant to the issues reasonably evident

22    in the action.

23    7.    Disclosures

24    There have not been any formal disclosures.

25    8.    Discovery

26    The parties have not commenced discovery.  It is anticipated that if the matter does not

27    resolve after February, discovery can be completed in within 90 days.

28    //

1    9.    Class Actions

2          This is not a class action.

3    10.   Related Cases

4          There are no related cases pending before this court, or before another court or

5    administrative body.

6    11.   Relief

7          Plaintiff seeks lost wages in the amount of $437.50 per week since April 22, 2003.  This

8    amount totals more than $91,000.  Plaintiff also seeks interest, attorney fees and costs.

9    12.   Settlement and ADR

10         Counsel for both parties have engaged in settlement talks which both parties are hopeful

11   will lead to resolution shortly.  If the matter does not resolve promptly, both parties would agree

12   to private mediation.

13   13.   Consent to Magistrate Judge for All Purposes

14         Both parties have consented to have a magistrate judge conduct all further proceedings.

15   14.   Other References

16         This case is not suitable for reference to binding arbitration, a special master, or the

17   Judicial Panel on Multidistrict Litigation.

18   15.   Narrowing of Issues

19         The parties are not presently in a position to determine what issues can be narrowed by

20   agreement or motion, or what may be done to expedite the presentation of evidence at trial.

21   16.   Expedited Schedule

22         Both parties concur that this is a case that can be discovered and tried, if necessary, within

23   the calendar year of 2008. The parties would like to explore mediation if their informal

24   discussions do not result in settlement.

25   17.   Scheduling

26         In addition to that which is set forth above respecting Discovery, the parties propose the

27   following:

28   //

1      a.    Defendants answer to the complaint no later than February 14, 2008.

2      b.    Exchange of Initial Disclosures on or before March 3, 2008.

3      c.    Discovery:

4            1. Non-Expert discovery completed by June 2, 2008.

5            2. Expert witness disclosure completed by July 7, 2008.

6            3. Expert witness discovery completed by August 11, 2008.

7      d.    Mediation completion by September 1, 2008.

8      e.    Requested Trial Date:  October 20, 2008

9      f.    Final Pretrial Conference Date:

10     The parties are agreeable to participating in a Final Pretrial Conference in early October

11     2008.  Trial attorneys will attend that conference.  The purpose of this conference will discuss

12     issues raised in the Final Pretrial Conference Statement and discuss trial of the case.  In

13     September 2008, a specific date to be determined, the parties will file a Joint Pretrial

14     Conference Statement.  In limine motions shall be filed on a specific date to be determined

15     which will occur between the date of the Joint Pretrial Conference Statement is due and the

16     Final Pretrial Conference.

17     g.    Preliminary Pretrial Conference:

18     The parties are agreeable to participating in a Preliminary Pretrial Conference in June

19     2008.  The purpose of that conference will be to confirm the trial date and establish a firm trial

20     schedule.

21     h.    Further Case Management Conference:

22     The parties are agreeable to participate in a further Case Management Conference in May,

23     2008, to discuss, among other things, the status of ongoing discovery and the prospects for

24     settlement or resolution of this case.

25     i.    Deadline for Hearing Pretrial Motions:

26     The final date for the court to hear dispositive motions shall be September 15, 2008.  In

27     accordance with Civ. Local Rule 7-2, any motion that a party wishes to be heard on or before

28     the deadline, must file, serve and notice in writing no less than 35 days before the deadline.

1    18.    <u>Trial</u>

2         The parties request a jury trial with an expected length of 5 days.

3    19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>

4         Plaintiff does not have knowledge of any parties or entities other than the County and

5    Plaintiff who have either: (1) a financial interest in the subject matter in controversy or in a

6    party to the proceeding; or (ii) any other kind of interest that could be substantially affected by

7    the outcome of the proceeding.

8    20.    <u>Other Matters</u>

9         The parties are amenable to discussing with one another, and with the Court, any other

10   matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

11        I hereby attest that I have on file all holograph signatures for any signatures indicated by a

12   "conformed" signature ( /S/ ) within this e-filed document.

13   Dated:   January 11, 2008                Respectfully submitted,

14                                            ANN MILLER RAVEL
                                             County Counsel
15

16                                   By:    _____/S/_____
                                            JOHN L. WINCHESTER, III
17                                          Lead Deputy County Counsel

18                                          Attorneys for Defendant
                                            COUNTY OF SANTA CLARA,
19                                          DEPARTMENT OF CORRECTION

20

21   Dated:   January 11, 2008       By:    _____/S/_____
                                            CARYN N. FABIAN, ESQ.
22
                                            Attorney for Plaintiff
23                                          ZIANAB ISMAIL

24

25

26

27

28   109233.wpd